## GEO. S. CLARK v. WM. STITT ET AL.

**WHEN A COURT MAY NOT DIRECT.**

A party is entitled to the opinion of the jury upon the facts tending to prove his case, if there is some testimony tending to prove each of the material averments of the petition, even though the showing is so slight that the court would feel called upon to set aside a verdict rendered upon such insufficient testimony.

ERROR to the Common Pleas of Wood county.

DAY, J.

The case was for damages on account of personal injury resulting from the alleged carelessness of the defendant, by their foreman, conducting the operations of drilling, tubing and piping of an oil well; negligence in construction of the derrick and in several other regards was claimed in the petition.

The case was tried by a jury and after the plaintiff had introduced his testimony and rested his case, the court of common pleas, on motion, directed the jury to return the verdict for the defendants, no cause of action; which was accordingly done. A motion for a new trial was overruled and judgment entered on the verdict dismissing the petition of the plaintiff and rendering judgment in favor of the defendants for the costs.

All the testimony is brought here by a bill of exceptions and a petition in error is presented in this court to reverse the judgment of the common pleas court. In the petition in error there are five assignments of error.

First, that the court erred in directing the verdict of the defendants; second, that the court erred in this charge to the jury; third, in refusing a new trial on motion. There are two other assignments, but they both merge and become substantially one and that is a complaint that the court erred in directing a verdict for the defendants.

The rule obtaining in such case has been stated by the Supreme Court of this state a number of times and presumably is well known and understood by the lawyers. The rule is that when in the delivery of the case to the jury upon the issues generally there is some evidence, some testimony tending to prove each of the material averments of the petition, the court is not

at liberty to direct a verdict and the party is entitled to the opinion of the jury upon the facts tending to prove his case and that is so even if the showing is so slight that the court would feel called to set aside a verdict for the plaintiff rendered upon such insufficient testimony. It is only, we take it, where there is a total failure of proof, total absence of proof upon some one or more of the material averments in the petition of facts necessary to be established, that the court is authorized to direct a verdict for the defendant.

In this case there were two material questions at issue between plaintiff and defendant; the question of an act of negligence on the part of the defendant in a number of particulars; and whether their agent, who was in command as was claimed in the petition, was a superior of the plaintiff as to the work they were doing. On these two questions there was much shown and as I say there was five or six specifications in which it was claimed there was negligence.

An examination of this bill of exceptions, compels us to say that as to some, at least, of these averred acts of negligence there was some evidence before the jury tending to establish them. The same may be said with reference to the question of superior and inferior. There was some evidence tending to prove that the relation between the said agent of the defendants and the plaintiff was that of superiority and inferiority; how much evidence or the extent of it, or whether warranting a finding against the defendants or not, it would be improper for this court to say now We only announce that there was some evidence produced to the jury on this trial having a tendency to prove each and all of such averments in this petition as are necessary to state a cause of action. That being true, the court was not at liberty, had no right to take the matter from the consideration of the jury and direct a verdict for the defendants. It follows that the court erred in this action in that respect. The judgment will be reversed and the motion for a new trial will be allowed, verdict set aside and new trial granted at the costs of the defendants in error. Judgment against the defendants in error for costs on error, execution awarded, and case remanded to the court of common pleas for new trial and further proceedings according to law. A special mandate is also ordered sent to the court of common pleas for execution for costs.

*Baldwin & Harrington,* attorneys for plaintiff in error.

*George H. Phelps & J. O. Troup,* attorneys for defendants in error.